**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Plaza 75 Shopping Center, LLC, an Arizona limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>Big Lots Stores, Inc., an Ohio corporation,<br><br>Defendant. | No. CV-10-592-PHX-DGC<br><br>**ORDER** |

  This case arises on Plaintiff Plaza 75 Shopping Center, LLC's ("Plaintiff") Motion for Sanctions Pursuant to Rule 16(f), filed on August 12, 2010, seeking reimbursement of $1054.40 in attorney's fees and airfare from Defendant Big Lots Stores, Inc. ("Big Lots") "as sanctions in connection with the previously scheduled settlement conference." (Doc. 24 at 1) Big Lots's Motion for Relief from Settlement Conference Order Regarding Physical Appearance, doc. 21, and Plaintiff's sanctions motion were referred to the undersigned Magistrate Judge by the assigned District Judge, the Honorable David G. Campbell.

  After considering the briefings and the file as a whole, the Court will grant Plaintiff's Motion for Sanctions against Big Lots. The Court, however, will order only those fees and airfare incurred by Plaintiff after the date of July 23, 2010. Further, the sanctions awarded herein shall not be paid until the prevailing party is determined and shall then be

1  added to, or reduced from, the prevailing party's attorneys' fees.

2  **I. Background**

3  This case is a commercial lease dispute over space in a strip center in Phoenix, Arizona. (Doc. 14 at 2) Plaintiff initiated this lawsuit by filing its Complaint in the Maricopa County Superior Court for the State of Arizona on February 22, 2010. (Doc. 1 at 1) Big Lots removed this action on March 16, 2010 and filed its Answer the next day. Plaintiff claims that Big Lots breached its lease by failing to meet the termination requirements of the lease when it moved out. Big Lots denies that it breached the lease and claims, among others, that it provided timely notice of termination on October 13, 2008. (*Id.*) Both Plaintiff and Big Lots request an award of reasonable attorneys' and costs as the prevailing party pursuant to A.R.S. 12-341.01 and the lease. (Docs. 1-1 at 6, ¶¶ 14-15; 7 at 4, ¶ C)

12  On June 6, 2010, Judge Campbell referred a settlement conference to the undersigned by random draw. (Doc. 17)  Judge Campbell directed the parties through their counsel to contact the undersigned's chambers for a date and time to conduct the settlement conference. Over the next eight days, however, neither counsel contacted the undersigned's chambers to set a date and time for the settlement conference. Thus, the settlement conference order, doc. 19, was issued on June 15, 2010, setting the settlement conference for August 6, 2010 at 2:00 p.m. No one, not even either of Big Lots' counsel, advised the settlement conference Judge or his chambers that Big Lots had conditioned its participation in a settlement conference on its representative appearing telephonically until July 29, 2010, over six weeks after the settlement conference order was issued. (Docs. 19, 21)

22  Big Lot's July 29, 2010 Motion for Relief from Settlement Conference Order Regarding Physical Appearance unequivocally stated that its "counsel received express instructions that Big Lots' willingness to participate in a settlement conference and [Big Lots'] counsel's authority to include such willingness in the Joint Case Management Report was limited specifically to ability to participate telephonically." (Doc. 21 at 2) The parties acknowledged in the Joint Case Management Report that this case was suitable for reference to a United States Magistrate Judge for a settlement conference but, indeed, Big Lots

- 2 -

"respectfully request[ed] that this Court enter an order relieving Big Lots of the requirement that it physically appear at the settlement conference scheduled for August 6, 2010 settlement conference."[1] (Doc. 14 at 2-3) Big Lots' counsel represents that at the scheduling conference, he raised Big Lots' "willingness to participate in a settlement conference provided that Big Lots' representative was permitted to appear telephonically." (Doc. 21 at 2) He concedes, however, that "Judge Campbell left that decision to the assigned settlement conference judge." (*Id.*) The June 9, 2010 text-only minute entry does not mention the issue. (Doc. 17)

Plaintiff's Motion for Sanctions accurately sets forth the facts leading up to the Court's July 30, 2010 order cancelling the August 6, 2010 settlement conference. The June 15, 2010 settlement conference order "clearly required the physical presence of a party representative with full and complete authority to settle this case. See Settlement Conference Order, Docket #19, p. 2." (Doc. 24 at 2) The settlement conference order explained why, in the settlement conference Judge's opinion, the appropriate corporate representative's physical appearance, rather than a telephonic appearance, is an essential and necessary prerequisite to a meaningful settlement conference. (Doc.19 at 2-3) This is especially true in a case like this when the settlement conference was scheduled less than two months after the Rule 16 scheduling conference and the only discovery conducted up to that time was the parties' exchange of their initial disclosures, docs. 15-16.[2]

---

[1] According to the August 20, 2010 Joint Report on Settlement Talks, the parties' settlement negotiations are at a stalemate over Big Lots' intransigent position that "its participation in a settlement conference on Defendant's representative being permitted to appear by telephone. At the time of this report, counsel and the parties are unable to agree on whether such a conference can be effectively conducted by a telephonic appearance. No settlement has been reached." (Doc. 25)

[2] Interestingly, discovery closed in this case on September 17, 2010. Moreover, Judge Campbell should be believed when he writes "that the Court intends to enforce the deadlines set forth in this Order, and [counsel] should plan their litigation activities accordingly." (Doc. 18 at 2, 4)  See, *Hostnut.Com, Inc.v. Go Daddy Software, Inc*., 2006 WL 2573201 (D. Ariz. 2006).

## II. Sanctions Related to Civil Settlement Conferences

### A. Rule 16(f), Fed.R.Civ.P.

Federal Rule of Civil Procedure Rule 16(f) provides for the imposition of sanctions because of the importance pretrial settlement conferences have in the management and disposition of civil cases. *In re Novak*, 932 F.2d 1397, 1404 n. 12 (11th Cir. 1991) ("The value of the court's efficient management of its docket cannot be underestimated. In particular, if the court is able to adjudicate cases efficiently, without much delay, it reduces the costs to the taxpayers and the expenses incurred by jurors, witnesses, parties, and lawyers."). Recognizing that settlement conferences are vital in assisting district courts to manage and reduce their heavy case loads, Rule 16(f) authorizes a district court to issue "any just orders . . . if a party or its attorney:

> (A) fails to appear at a scheduling or other pretrial conference;
>
> (B) is substantially unprepared to participate--or does not participate in good faith--in the conference; or
>
> (C) *fails to obey a scheduling or other pretrial order*.

Rule 16(f), Fed.R.Civ.P. (emphasis added). Clearly, a settlement conference order is a "pretrial order" within the meaning of Fed.R.Civ.P. 16(f). *G. Heileman Brewing Co., Inc. v. Joseph Oat Corp*., 871 F.2d 648, 654 (7th Cir.1989); *Pitman v. Brinker Intern., Inc*., 216 F.R.D. 481, 483 (D.Ariz. 2003) ("The Court's April 10, 2003 Settlement Conference Order is a pretrial order within the meaning of Rule 16(f)."), *amended on review on other grounds*, 2003 WL 23353478 (D.Ariz. 2003)). Sanctions may be imposed when the disobedience of a settlement conference order is intentional or unintentional. In *Lucas Automotive Engineering, Inc. v. Bridgestone/Firestone, Inc*., 275 F.3d 762 (9th Cir. 2001), the Ninth Circuit upheld sanctions against a representative of the defendant who failed to appear as ordered at a mediation session. The party claimed he had an incapacitating headache and was unable to attend and the failure to appear was not intentional. The sanctions were affirmed on appeal because of the representative's failure to notify the court that he would not be in attendance.

- 4 -

*Id*. at 768.

**B. The Settlement Conference Order**

The June 15, 2010 settlement conference order forewarns counsel that non-compliance with the order may result in sanctions.

> Absent good cause shown, if any party, counsel or insurer's representative fails to promptly appear at the Settlement Conference, *fails to comply with the terms of this Order*, including the failure to timely provide the settlement conference memoranda, is substantially unprepared to meaningfully participate in the Settlement Conference, or fails to participate in good faith in the Settlement Conference, the settlement conference may be vacated and sanctions may be imposed pursuant to Rules 16(f) and 37(b)(2)(A)(ii)-(vii), Federal Rules of Civil Procedure which may also include the entry of default judgment, dismissal of the Complaint and/or *an award of reasonable attorney's fees and expenses* and/or a finding of contempt. (citations omitted).

(Doc. 19 at 6) (emphasis added).

Paragraph seven of the settlement conference order gave either side an opportunity to have the settlement conference vacated for any reason if counsel "notif[ied] the Court in writing, at least, **ten (10) business days** before the Settlement Conference if one or more of the attorneys or unrepresented parties believe[d] that the Settlement Conference would be a futile act resulting in a waste of time and money, inconsistent with Rule 1, FED.R.CIV.P. . . ." (*Id.* at 6-7) Ten business days before the August 6, 2010 settlement conference was Friday, July 23, 2010.

**III. Discussion**

It was mandatory under the settlement conference order for each side to comply with the terms of the order. (Doc. 19 at 6, ¶ 6) While the Court does not deny that Big Lots "conditioned its willingness to participate in a settlement conference on the ability of Big Lots' representative to appear telephonically," doc. 30 at 2, it was professionally inappropriate for Big Lots' counsel not to timely inform the settlement conference Judge or his chambers of its conditional agreement to participate in a settlement conference shortly after the settlement conference order was filed and electronically mailed to all counsel on

1 June 15, 2010.[3] Big Lots' counsel knew this issue was left to undersigned's sole discretion
2 by the assigned District Judge. Nevertheless, both of Big Lots' **two** attorneys, after receiving
3 the settlement conference order by electronic mail, either read the order and intentionally
4 ignored or carelessly misread the mandatory physical appearance requirement or waited for
5 approximately six weeks to read the settlement conference order for the first time. As Mr.
6 McElenney writes, "[i]nexplicably, [Big Lots' counsel] did not become aware of Judge
7 Anderson's Settlement Conference Order until his return from vacation on July 26, 2010,
8 and regrets having not filed this motion earlier." (Doc. 21 at 2) Obviously, had Big Lots'
9 counsel raised the issue or filed its Motion for Relief from Settlement Conference Order
10 shortly after receipt of the June 15, 2010 settlement conference order, the issue would have
11 been quickly addressed and Plaintiff would not have been damaged for the attorney's fees
12 and airfare in complying with the deadlines set forth in the settlement conference order. The
13 Court finds that Big Lots' counsels' "[i]nexplicabl[e]" and unjustified delay in raising the
14 telephonic versus physical appearance issue until only five business days[4] before the
15 settlement conference and "[o]n the afternoon before the Settlement Conference Memoranda
16 were due[]" is the sole reason Plaintiff incurred unnecessary fees and travel expense related
17 to the settlement conference. (Doc. 24 at 2)

18 As mentioned earlier, Big Lots' failure to raise this issue until after paragraph
19 seven's exit-window deadline of Friday, July 23, 2010 ("[i]n writing, at least, **ten (10)**
20 **business days** before the Settlement Conference") why the settlement conference should not
21 proceed as scheduled has unfairly prejudiced the Plaintiff. Each party's counsel knew, or
22 should have known, that until Friday, July 23, 2010 the possibility existed that the settlement

---

[3] The docket reflects Big Lots' attorneys, Sean K. McElenney and Gregory B. Iannelli, each identified as "*ATTORNEY TO BE NOTICED*," were electronically mailed the settlement conference order on "on 6/15/2010 at 2:28 PM MST and filed on 6/15/2010." (Doc. 19, Html Version)

[4] The docket reflects that Defendant electronically filed its Motion for Relief From Settlement Conference Order Regarding Physical Appearance, doc. 21, at 3:31 p.m. on July 29, 2010.

1 conference could be vacated by either side's acceptance of the Court's window of
2 opportunity outlined in the settlement conference order and the Court also agrees that it
3 should be vacated. (Doc. 19 at 6-7)

4 While the reason settlement conferences are usually vacated at or before the
5 exit-window deadline is that one or both of the parties adopt an immovable pre-settlement
6 conference position regarding settlement, the settlement conference order cites "an
7 unreasonable [settlement] position from which that party refuses to deviate" as an example
8 why a settlement conference may be vacated, not a limitation as to other reasons. Only one
9 day after Big Lots filed its July 29, 2010 Motion for Relief from Settlement Conference
10 Order Regarding Physical Appearance, the Court promptly vacated the August 6, 2010
11 settlement conference in an effort to reduce the fees and costs associated with counsels'
12 attempts to comply with the settlement conference order. (Doc. 23) The Court reiterates that
13 Big Lots' Motion was filed one business day before the parties' settlement conference
14 memoranda was due.

15 Unfortunately, the Court's ruling herein penalizes the party who promptly
16 purchases an airline ticket to save money or whose lawyer prepares in advance for a
17 settlement conference before the exit-window deadline passes and thereafter the settlement
18 conference is cancelled due to the adverse party's actions or inaction. Nevertheless, the
19 Court finds this order is fair and "just," as Rule 16(f) requires, under the facts of this case
20 and the dates set forth in the settlement conference order.  Big Lots' argument in its
21 Response that "Big Lots did not say it would not attend the conference unless its
22 representative could appear telephonically[,]" doc. 30 at 1-2, is a poor and unsuccessful
23 attempt to shift blame on someone other than its own counsel for Plaintiff's damages. Big
24 Lots is not being sanctioned for its "mere request for relief from an order" but the
25 untimeliness of its request. (*Id.* at 2)  A district court controls the terms and conditions of its
26 civil settlement conferences, not the lawyers who appear before it. Big Lots was free to
27 / / /
28 / / /

- 7 -

consider a privately-retained local mediator, at minimum rates beginning at or near $400.00 per hour, who would likely allow the parties' representatives to appear telephonically at a mediation.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Sanctions Pursuant to Rule 16(f), doc. 24, is **GRANTED** in part. Plaintiff is awarded the sum of $875.00 in attorneys' fees, all of which were incurred after Friday, July 23, 2010. The Court finds the sum of $875.00 in attorneys' fees for the work performed related to the settlement conference and the hourly rate of $250.00 per hour are reasonable. Plaintiff's request for reimbursement of the cost of the airfare in the sum of $179.40, incurred on June 28, 2010, is **DENIED** because it was incurred before Friday, July 23, 2010 and there has been no showing that this Southwest Airlines' ticket may not be reused or credited to a later flight.

**IT IS FURTHER ORDERED** that, unless otherwise ordered by Judge Campbell, the fees awarded herein shall not be paid until the prevailing party is determined at the conclusion of this case and the fees awarded herein shall then be added to, or reduced from, the prevailing party's attorneys' fees without duplication.

Dated this 27th day of September, 2010.

*Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge