**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Plaza 75 Shopping Center, LLC, a Delaware limited liability company,<br><br>    Plaintiff,<br><br>vs.<br><br>Big Lots Stores, Inc., an Ohio corporation,<br><br>    Defendant. | No. CV10-0592 PHX DGC<br><br>**ORDER** |

Defendant Big Lots Stores, Inc. ("Big Lots") moves for summary judgment (Doc. 35) and Plaintiff Plaza 75 Shopping Center, LLC ("Plaza 75") opposes (Doc. 41). Plaintiff also moves for partial summary judgment (Doc. 38) and Defendant opposes (Doc. 43). The motions have been fully briefed. Docs. 35-46. For the reasons that follow, the Court will grant Defendant's motion for summary judgment and deny Plaintiff's motion for summary judgment as moot.[1]

As a result of the parties' briefings, admissions, and concessions, the relevant facts are as follows. Defendant entered into a commercial lease with a nonparty to this case, and the property and lease were sold by the nonparty to Plaintiff. Docs. 35, 41. The lease permitted early termination by Defendant if certain factors were met. Doc. 41. Defendant

---

[1] Plaintiff's request for oral argument is denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1  gave notice of early termination on October 13, 2008, and Plaintiff received it on October 15,
2  2008. Docs. 35, 41. Although the original lease may be somewhat ambiguous as to whether
3  a notice on October 15, 2008 is timely, Defendant and Plaintiff entered into a letter
4  agreement after the property and lease were sold to Plaintiff that specifically identified
5  October 28, 2008 as the deadline for early termination notices. Doc. 35 at 3:21; Doc. 41 at
6  5:10. Defendant vacated the property on January 31, 2009, the date stated in its notice of
7  early termination (Doc. 41 at 6:3), but paid the rent due until February 12, 2009 (Doc. 35 at
8  4:19-20). Plaintiff argues that Defendant's notice was untimely and defective. Doc. 41.

9  Summary judgment is appropriate if the evidence, viewed in the light most favorable
10 to the nonmoving party, shows "that there is no genuine issue as to any material fact and that
11 the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). Only
12 disputes over facts that might affect the outcome of the suit will preclude the entry of
13 summary judgment, and the disputed evidence must be "such that a reasonable jury could
14 return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242,
15 248 (1986). In Arizona, "the interpretation of [a] contract is a question of law for the court."
16 *Hadley v. Sw. Props., Inc.*, 570 P.2d 190, 193 (Ariz. 1977) (citation omitted).

17 Plaintiff does not dispute that the parties' letter agreement, dated March 26, 2004,
18 expressly stated that the notice period for terminating the lease (referred to in the letter
19 agreement as the "Kickout Notification") would begin on July 1, 2001 and end on
20 October 28, 2008. *See* Doc. 41. Nor does Plaintiff dispute that its property manager signed
21 the letter agreement. *Id.* Instead, Plaintiff argues that the letter agreement should be ignored
22 because it was accompanied by a cover letter that contained factual errors. *Id.* at 4-5.
23 Although it is true that the cover letter incorrectly identified the period for measuring profits
24 that would give rise to Defendant's right to terminate – Defendant could terminate the lease
25 if its profits during the lease's fifth year did not exceed $3,500,000 – the cover letter
26 identified the same period for giving notice of termination as the letter agreement, July 1,
27 2008 to October 28, 2008. Doc. 42-1 at 6. Because Plaintiff does not contend Defendant's
28 calculation of fifth-year profits was incorrect, the error in the cover letter on the profit-

1 calculation period is not material to the parties' dispute. On the issue that is material – the
2 proper period for giving notice of lease termination – the cover letter and letter agreement
3 are in accord. Thus, the cover letter that arrived with the letter agreement provides no basis
4 for concluding that the letter agreement is ambiguous on the notice period or should
5 otherwise be disregarded. The cover letter asked Plaintiff to demonstrate its consent to the
6 letter agreement countersigning it. Doc. 42-1 at 6. Plaintiff's property manager signed the
7 letter on April 14, 2004. Doc. 37-3 at 4. The Court accordingly concludes, as a matter of
8 undisputed fact, that the letter agreement amended the lease and specified the period for
9 notice of termination. Defendant's October 15, 2008 notice of termination was timely
10 because it was received before October 28, 2008.

11 Plaintiff next argues that the notice was not valid because it stated a termination date
12 earlier than that permitted by the lease. Doc. 41 at 6. The lease required Defendant to give
13 between 120 and 270 days' notice of termination. Doc. 37-1 at 8. Although Defendant's
14 written notice contained a lease termination date of January 31, 2009 – less than 120 days
15 after the notice was given – it is undisputed that Defendant paid rent for 120 days after the
16 notice, until February 12, 2009. Docs. 35, 41. The Court cannot conclude that the
17 termination notice was invalid because it contained a date earlier than the date when
18 Defendant actually stopped paying rent. The lease and the letter agreement do not specify
19 the form or content of the termination notice. The lease merely requires "one hundred twenty
20 . . . days' written notice of termination." Doc. 37-1 at 8. Defendant provided written notice
21 120 days before it terminated the lease by ending its rent payments.

22 **IT IS ORDERED:**

23 1. Defendant's motion for summary judgment (Doc. 35) is **granted**.

24 2. Plaintiff's motion for partial summary judgment (Doc. 38) is **denied as moot**.

25 3. The Clerk shall enter judgment in favor of Defendant and terminate this action.

4. If Defendant seeks to recover attorneys' fees in light of this ruling, it shall file a memorandum and supporting factual material by **January 28, 2011**, rather than following the briefing schedule set forth in LRCiv 54.2.

DATED this 7th day of January, 2011.

_____
David G. Campbell
United States District Judge

- 4 -