**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Plaza 75 Shopping Center, LLC, | No. CV10-0592-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Big Lots Stores, Inc., | |
| Defendant. | |

Plaintiff Plaza 75 Shopping Center, LLC ("Plaintiff" or "Plaza 75") filed suit against Defendant Big Lots ("Defendant" or "Big Lots") for breach of a commercial lease agreement. Doc. 1-1 at 4. After judgment was entered on its behalf (Doc. 47), Big Lots filed a motion for attorneys' fees (Doc. 49). The Court denied the motion without prejudice pending resolution of the then-pending appeal. Doc. 54. The judgment was affirmed on appeal (Doc. 55), and Big Lots has now filed a renewed motion for attorneys' fees and costs (Doc. 56 at 2). The motion is fully briefed and no party has requested oral argument. The Court will grant the motion in part.

**I.    Entitlement and Eligibility.**

Big Lots seeks attorneys' fees and costs pursuant to the parties' lease agreement and A.R.S. § 12-341.01. Doc. 56. Section 40 of the lease agreement provides that "[i]n the event either Landlord or Tenant is required to enforce the provisions of this Lease, then the prevailing party shall be entitled to court costs and reasonable attorney's fees from the non-prevailing Party as the court may award." Doc. 56 at 3; Doc. 37-1, Ex. A at

39. An award of attorneys' fees required by contract is mandatory, *Bennett v. Appaloosa Horse Club,* 201 Ariz. 372, 378, 35 P.3d 426, 432 (Ariz. Ct. App. 2001), enforced according to the terms of the contract, *F.D.I.C. v. Adams,* 187 Ariz. 585, 931 P.2d 1095, 1108 (Ariz. Ct. App.1996), and subject to the requirement of reasonableness, *see Gametech Int'l, Inc. v. Trend Gaming Sys., L.L.C.,* 380 F. Supp. 2d 1084, 1088 (D. Ariz. 2005).

Under A.R.S. § 12-341.01(A), the court may award reasonable attorney fees to the successful party in a contested action arising out of a contract. The Court retains discretion to limit any award to a reasonable amount. *McDowell Mt. Ranch Cmty. v. Simmons,* 216 Ariz. 266, 269-70, 165 P.3d 667, 670-71 (Ariz. Ct. App. 2007).

Plaza 75 does not dispute Big Lots' entitlement to attorneys' fees and costs. Doc. 59. The Court finds that Big Lots is entitled to an award of fees and costs and will proceed to examine the reasonableness of the award requested.

**II.   Reasonableness.**

Big Lots seeks attorneys' fees and costs in the amount of $28, 563.[1] Doc. 60 at 1. Plaza 75 contends it would be unreasonable to include attorneys' fees for certain time expenditures, and objects to the reasonableness of legal assistant Lori McAdoo's hourly rate. Doc. 59 at 1-3. Plaza 75 also requests that any award in favor of Big Lots be reduced by $875 in sanctions previously awarded to it. Doc. 34.

**A.   Fees Incurred in Preparing for Settlement Conference.**

Plaza 75 argues that it would be unreasonable for any award of attorneys' fees in Defendant's favor to include fees incurred in preparing for the settlement conference that was vacated because Defendant made a late request to appear telephonically, or in preparing a settlement conference memorandum which was never shared with Plaintiff.

---

[1] Big Lots' originally sought an award in the total amount of $29,184. Doc. 56 at 1. Plaza 75 objected to fees incurred for time expended by Lori McAdoo on May 26, 2011, to "[p]repare documents for oral argument on summary judgment." Doc. 59 at 1. In its reply, Big Lots acknowledged the entry was included in error and withdrew $621 from its original request. Doc. 60 at 1.

Doc. 59 at 2.  Specifically, Plaza 75 objects to fees incurred for time spent preparing for the settlement conference on July 29 and 30, 2010 (Doc. 59 at 2-3), and not to fees incurred for time spent preparing for the settlement conference prior to July 29, 2010 (*see* Doc. 57-1, Ex. A at 3-4).  Big Lots contends it is entitled to these fees "because the surprise cancellation of the settlement conference was neither invited nor desired by Big Lots."  Doc. 60 at 3.

On June 9, 2010, with agreement by the parties, the Court referred a settlement conference to Magistrate Judge Lawrence Anderson and directed the parties to contact his office for a date and time for the conference.  Doc. 17.  On June 15, 2010, after the parties had failed to contact his office, Judge Anderson set a settlement conference for August 6, 2010.  Doc. 19.  On July 29, 2010, Big Lots filed a motion seeking relief from having to appear physically at the settlement conference, arguing that its willingness to participate was based on Big Lots' representative being allowed to appear electronically.  Doc. 21 at 2.  In response, Judge Anderson cancelled the settlement conference.  Doc. 23.

Big Lots alleges that Judge Anderson scheduled the conference "[b]efore the parties had an opportunity to contact Judge Anderson" (*Id.* at 2), but Judge Anderson waited eight days after the referral for the parties to contact him (Doc. 34 at 2).  Big Lots also argues that it did not receive Judge Anderson's order requiring the presence of a corporate representative until its counsel returned from vacation on July 26, 2010 (Doc. 60 at 3), but this argument is contradicted by the record.  Judge Anderson's order – titled "Settlement Conference Order" – was entered on June 15, 2010 (Doc. 19), and the time sheets for Big Lots' counsel contain an entry for June 29, 2010 that reads:  "[r]eview settlement conference order."  Doc. 57-1, Ex. A at 3.  Big Lots' motion a month later was untimely and resulted in cancellation of the settlement conference.  The Court therefore finds Big Lots' request for fees incurred in preparing for the conference on July 29 and 30 to be unreasonable.  The Court will subtract $558.  Doc. 59 at 2.

**B.**     **Fees Incurred in Responding to Motion for Sanctions.**

Plaza 75 contends that "it would be unfair and unreasonable for any award of

attorneys' fees in Defendants' favor to include attorneys' fees incurred for time drafting a response to Plaintiff's Motion for Sanctions, which was granted by the Court, and which arose out of Defendant's late request to appear telephonically rather than in person." Doc. 59 at 2. Plaza 75 specifically objects to the inclusion of $386 in fees for time spent drafting the response to Plaza 75's motion for sanctions. *Id.*; Doc. 57-1, Ex. A at 4. Big Lots does not respond. The Court will subtract $386. Doc. 59 at 2.

As a sanction, the Court awarded Plaintiff $875 in attorneys' fees for work related to the settlement conference. Doc. 34. That order called for the award to be reduced from the prevailing party's attorneys' fees. *Id.* at 8. Big Lots argues that the $875 sanction award should not be subtracted from its award because sanctions were not appropriately awarded. Doc. 60 at 3. The Court disagrees and will subtract $875.

**C.     Reasonableness of Lori McAdoo's Rate.**

Big Lots seeks $1,980 for nine hours expended by paralegal Lori McAdoo at a rate of $220 per hour. Doc. 57 at 2; Doc. 57-1, Ex. A. Plaza 75 objects to the rate as unreasonable, and the Court agrees. In its discretion, the Court finds $150 to be a reasonable hourly rate for experienced paralegals in this area. Accordingly, the Court will subtract $630.[2]

**IT IS ORDERED** that Defendant's motion for attorneys' fees and costs (Doc. 56) is **granted in part**. Defendants are awarded attorneys' fees and costs of $26,114.

Dated this 21st day of November, 2012.

_____
David G. Campbell
United States District Judge

---

[2] The Court arrived at this number by subtracting $150 from $220, and then multiplying the nine hours expended by Ms. McAdoo.

- 4 -